John E. Harrison, Sr., Plaintiff-Appellant, v. Missouri Pacific Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 61-O-7.

Fourth District.

April 19, 1962.

Listeman and Bandy, of East St. Louis, for appellant.

Walker & Williams, of East St. Louis, for appellee.

CULBERTSON, J.

This cause is before us on appeal from an order of the Circuit Court of St. Clair County granting defendant's motion notwithstanding the verdict and entering judgment in bar of the action of John E. Harrison, Sr., as against Missouri Pacific Railroad Company. The complaint was filed under the provisions of the Federal Employers' Liability Act, to recover damages resulting from injuries inflicted upon the plaintiff by a co-employee named Anderson. The Jury in the cause had returned a verdict in the amount of $50,000.00 upon which judgment had been entered prior to the allowance of the post-trial motion for judgment notwithstanding the verdict. An alternative motion for a new trial was also filed by defendant and in the order granting the motion for judgment notwithstanding the verdict the Trial Court directed that in the event the judgment was reversed, the motion for new trial should be denied.

On appeal in this cause it is contended by plaintiff that he was discharging his duties as a section foreman and protecting the railroad property, and that the defendant Company knew that the employee Anderson was a vicious, quarrelsome, and dangerous person. Defendant's contention is that the judgment notwithstanding the verdict was properly granted because plaintiff had failed to prove that Anderson, the employee who made the assault on the plaintiff, was in fact a vicious, quarrelsome, and pugnacious person prior to the time of the assault on the plaintiff.

The record before us discloses that plaintiff had been employed by the railroad company for more than 45 years, and had been a section foreman for more than 15 years. According to plaintiff, his immediate superior, the Roadmaster of defendant, who normally would give plaintiff directions (after the employee

Anderson had been placed on the crew under the supervision of the plaintiff), talked to the plaintiff as foreman and stated, "you will have to watch him because he is a bad actor and a troublemaker," and, "I thought if you could get anything out of him nobody else could." The employee Anderson, who committed the assault upon the plaintiff, was 42 years of age at the time of the trial, and had worked as a section laborer since 1948. Several of the section foremen under whom the employee Anderson had worked before the assault on plaintiff in 1957, testified that they had never known Anderson to strike or threaten to strike, or quarrel with other employees, or with the foreman, and had never observed or received complaints that he was vicious, pugnacious, or quarrelsome, or would not do his share of the work. Anderson himself, testified that he had never quarreled with other laborers with whom he worked, or with any of the foremen under whom he worked; that he had never threatened to fight any of them and had never been called in by any foreman by reason of any complaint made by coemployees. He also denied he had used vulgar language at public crossings, or had put pins in a motor car seat, as alleged, or that the plaintiff had ever accused him of doing so.

The plaintiff Harrison testified that he had seen Anderson take a ballast fork and hide it in some pulpwood adjacent to the track. He told him to go and get the ballast fork that he had stolen a few days previously and put it back on the pile of tools and nothing would be said about it. Employee Anderson took a few steps in the direction of where plaintiff stated he knew the fork was hidden and plaintiff turned his back and was looking in another direction when Anderson struck him an unexpected blow on the back of the head and knocked him unconscious. When the plaintiff regained consciousness and got on

68

his feet he told Anderson, "That's all for you." Plaintiff then immediately attempted to get in touch with the Roadmaster, but being unable to talk to him he talked to a Special Agent for the railroad and asked him for directions. He was told to get the ballast fork and put it on the pile. He then went to the place where Anderson had hidden the fork, got it, and put it on the pile of tools. The following morning when he talked with the Roadmaster he stated that the Roadmaster said, "I told you to look out for him." The injuries sustained as a direct result of the assault have completely disabled plaintiff and prevented him from returning to work. The Roadmaster testified that from his personal observations of Anderson he had never seen any indication of a tendency to commit any such assault, and the Roadmaster also denied that plaintiff had complained to him about Anderson, and also that he had told plaintiff that Anderson was a bad actor and a troublemaker and that he would have to look out for him.

 The cause was submitted to the jury and as indicated before, the jury returned a verdict in favor of the plaintiff. After the post-trial motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, was filed by defendant, the Court allowed the motion for judgment notwithstanding the verdict and entered a judgment against plaintiff in bar of the action, with a supplementary order that if the judgment was reversed the motion for new trial would be denied. Under the common law the burden is on plaintiff to prove that an employee causing an injury to a fellow employee, was incompetent in some respect and that the incompetency was a causative factor in producing the injury, and that the master or employer knew of such incompetency or in the exercise of due care could have known of such in-

competency. In willful assault cases where the assault which is committed is beyond the scope of the assailant's authority, the plaintiff has the same burden of proving that the employee was in fact, vicious and pugnacious prior to the assault in question and that the employer had knowledge of such propensities (Tatham v. Wabash R. Co., 412 Ill 568, 107 NE2d 735).

The basic question, therefore, is whether the evidence in the case tends to prove that Anderson was a vicious and pugnacious person and whether the employer knew or should have known of such propensities. The record fails to disclose that Anderson was ever known to be pugnacious, vicious, or quarrelsome, during the period of years prior to the assault, while he had worked as a railroad employee. The only evidence to which plaintiff points to sustain the case is the statement attributed to the Roadmaster that he was a bad actor and a troublemaker. There was no positive evidence that the Roadmaster ever stated or admitted or knew that Anderson was a vicious or pugnacious person.

As indicated in the case of Southern Railway Co. v. Roberts, 206 F2d 508, the record in the case before us is devoid of any evidence of a propensity on part of the employee to violence or even fighting as those words are understood, or that Anderson was a dangerous person to have as an employee. In the case just referred to, the individual was noted as a prankster and had engaged in a foul and offensive act on at least one occasion. There was no showing, however, that his activities included any course of making physical assaults on others. As indicated in that case, the right to recover had to be predicated not on a tendency to perpetrate pranks or other similar misconduct, but it must be shown he had a tendency to commit physical assaults on fellow employees. The Court in such case concluded that the evidence failed to show

70

that the employee was, during the period of his employment, of such dangerous and violent character and disposition that his retention in employment by the defendant was negligence as a breach of the defendant railroad's obligation to its other employees to use reasonable care to provide them with safe conditions of employment.

We believe that the record in the instant case, likewise, fails to show that Anderson during the period prior to the assault, was such a dangerous person or of such character as to justify a recovery on the basis that the employer knew of such characteristics or in the exercise of reasonable care should have known of such dangerous characteristics. It is apparent that Anderson may have been involved in stealing and when accused became angered and struck plaintiff to satisfy his own spite. Under the circumstances and the record before us it appears the order of the Circuit Court of St. Clair County in entering judgment notwithstanding the verdict was proper and should be affirmed.

Judgment affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.