HARRISON *v.* MISSOURI PACIFIC RAILROAD CO.

No. 690.   Decided February 25, 1963.

*Mark D. Eagleton* for petitioner.

*Ralph D. Walker* for respondent.

PER CURIAM.

The petition for writ of certiorari is granted. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

The petitioner, a section foreman for respondent railroad, was assaulted by one of his section gang whom he accused of stealing a ballast fork.   In this action under the Federal Employers' Liability Act, 45 U. S. C. § 51 *et seq.,* the petitioner was awarded damages by a jury in the Circuit Court of St. Clair County, Illinois.   The trial judge set aside the verdict and granted respondent's motion for judgment notwithstanding the verdict.   The Appellate Court affirmed, 35 Ill. App. 2d 66, 181 N. E. 2d 737.   Its

judgment became final when the Illinois Supreme Court denied petitioner leave to appeal. Ill. Rev. Stat., 1961, c. 110, § 75.

The trial judge granted respondent's motion on the ground that "there was a lack of evidence to sustain" the jury's verdict. The Appellate Court, in affirming, held that there was no evidence sufficient to support a finding that the respondent knew or should have known prior to the assault of propensities of the assailant to commit such assaults.

We think that the Illinois courts improperly invaded the function and province of the jury in this case. While ". . . reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence," *Gallick* v. *Baltimore & Ohio R. Co., ante,* p. 108, at 117, we have held that the fact that "the foreseeable danger was from intentional or criminal misconduct is irrelevant; respondent nonetheless had a duty to make reasonable provision against it." *Lillie* v. *Thompson,* 332 U. S. 459, 462. The petitioner's evidence was that his immediate superior, a roadmaster, assigned the assailant to petitioner's crew and at the time warned him: "You will have to watch him because he is a bad actor and a trouble maker. You will have to watch him." He also testified to having several times complained to the roadmaster about the assailant's misconduct and refusal to follow his orders during the two months the assailant was with his crew. Finally, he testified that after the assault the roadmaster said to him: "I told you to look out for him. Now you got yourself in plenty of trouble." This testimony was disputed but, if believed by the jury, it constituted probative facts sufficient to support the jury's finding of foreseeability and withstand the respondent's motion. *McBride* v. *Toledo Terminal R. Co.,*

354 U. S. 517; *Ringhiser* v. *Chesapeake & O. R. Co.*, 354 U. S. 901; see also *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500.

MR. JUSTICE HARLAN and MR. JUSTICE STEWART would deny certiorari. See dissenting opinion of Frankfurter, J., and separate opinion of HARLAN, J., in *Rogers* v. *Missouri Pac. R. Co.*, 352 U. S. 500, 524, 559; concurring opinion of STEWART, J., in *Sentilles* v. *Inter-Caribbean Shipping Corp.*, 361 U. S. 107, 111; dissenting opinion of HARLAN, J., in *Gallick* v. *Baltimore & Ohio R. Co.*, *ante*, p. 122. The case having been taken, however, they concur in the judgment of the Court. 352 U. S., at 559–562; 361 U. S., at 111.