John G. FULLERTON, Plaintiff,

v.

The **MONONGAHELA CONNECTING RAILROAD COMPANY**, a corporation, and Retail Credit Company, a corporation, Defendants.

Civ. A. No. 65-351.

United States District Court
W. D. Pennsylvania.

June 22, 1965.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

V. C. Short, Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant Railroad Co.

John P. McComb, Jr., Moorhead & Knox, Pittsburgh, Pa., for defendant Retail Credit Co.

GOURLEY, Chief Judge.

In this civil proceeding plaintiff claims that defendants conspired to prevent him from recovering damages against defendant carrier in another proceeding under the Federal Employers' Liability Act in this Court. Plaintiff claims that as a result of the conspiracy he has suffered the following injuries:

1. Violation of his civil rights.

2. He has been impaired in the prosecution of his claim for damages.

3. Defamation of character.

4. Invasion of privacy.

5. Impairment of health, severe emotional distress, and humiliation.

Jurisdiction is claimed to arise under 28 U.S.C.A. § 1331 on the basis of divers

federal statutes as to both defendants. Jurisdiction based on diversity is also claimed against Defendant Retail Credit Company to support the alleged causes of action for the common law torts of invasion of privacy, defamation and the intentional causing of emotional distress.

Furthermore, since no diversity of citizenship exists between plaintiff and Defendant Monongahela Connecting Railroad (carrier), plaintiff claims that the doctrine of "pendent jurisdiction" supports his claim for recovery against the carrier for the common law torts.

The immediate matter before the Court is a Motion to Dismiss filed by defendants based on the legal theses that the Court has no jurisdiction over the plaintiff's claims, that the claim for defamation is barred by the one-year statute of limitations, and that plaintiff has failed to state any claim upon which relief can be granted.

After a thorough review of the record, arguments and briefs of counsel, and the applicable law, it is the considered judgment of the Court that the motion of Defendant Carrier should be granted as to all claims against it, and that the Motion of Defendant Retail Credit should be granted as to those claims asserted under federal statutes and denied as to those claims based on diversity.

## I. FACTS

The instant proceeding arose in connection with the filing of suit for personal injuries by the plaintiff in this Court under the Federal Employers' Liability Act, against Defendant Carrier, at Civil Action No. 63–366. Defendant Carrier engaged the Retail Credit Company to make an investigation of plaintiff's activities and pursuant thereto Retail Credit sent James Napoleone to interrogate the plaintiff at his home. Napoleone was charged with representing himself to plaintiff as an agent of the Veterans Administration, and was subsequently arrested and convicted of the crime of impersonating a federal employee, under 18 U.S.C.A. § 912. An appeal on said conviction is presently pending before the United States Court of Appeals for the Third Circuit.

## II. DISCUSSION

Analysis indicates that plaintiff is not entitled to the relief demanded under the federal statutes. The Court does have jurisdiction because plaintiff has asserted rights under the laws of the United States and the claims based thereon must be dismissed for failure to state a claim upon which relief can be granted. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

## III. LAW

(A) Plaintiff contends that the violation of the False Personation Statute, 18 U.S.C.A. § 912, gives rise to a civil cause of action. The statute provides that:

"Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined not more than $1,000 or imprisoned not more than three years or both."

██ Since there is no explicit provision for civil liability and there are no reported cases in which civil liability has been sustained for violation of said statute, it is necessary to rely on the test fashioned by the courts to determine whether civil liability should be implied when a federal criminal statute is violated. The test is whether the statute was enacted to protect a particular class of people so as to create a civil right in members of the class, although the only express sanctions are criminal. Reitmeister v. Reitmeister, 162 F.2d 691 (C.A. 2, 1947). The Supreme Court has held that the purpose of the false personation statute is to "maintain the general good repute and dignity of the [government] service itself." United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091 (1943). The Court cannot perceive that Congress

also intended to protect any particular class of people for which a civil right of action should be implied.

Therefore, the claims against defendants based on the violation of said statute cannot be sustained.

(B) Plaintiff relies on alleged breaches of Sections 1983 and 1985 of the Civil Rights Act of 1871 to sustain his claim for relief. 42 U.S.C.A. § 1983 provides that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injuried in an action of law, suit in equity, or other proper proceeding for redress."

■ Action under color of state law is required under this statutory provision before civil liability can be imposed. United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). The Supreme Court has defined action under color of state law to be the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law * * *." United States v. Classic, supra, at 326, 61 S.Ct. at 1043.

■ Moreover, no redress is provided under this section against those acting in a private capacity unless they are acting in concert with state officials. It is obvious that neither of the defendants, nor Napoleone, deprived plaintiff of any rights, privileges or immunities by acting under color of any state law or by acting in concert with state officials. Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa., 1964); aff'd. 345 F.2d 797 (C.A. 3, June 10, 1965). Accordingly, the claims based on this section must be dismissed.

Under 42 U.S.C.A. § 1985 we are only concerned with the behavior proscribed by the second part which provides for civil liability:

> "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, * * * or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."

■ Although the section does not explicitly require that the acts proscribed be perpetrated under color of state law as does Section 1983, such requirement has been implied. Williams v. Yellow Cab Co., 200 F.2d 302 (C.A.3, 1952); cert. den. sub. nom. Dargan v. Yellow Cab Co., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361.

Since it has already been concluded that no action was taken under color of state law, the claims based on this provision must also be dismissed.

(C) Plaintiff also relies on the alleged violations of two sections of the Federal Employers' Liability Act as bases for relief. The first of these provisions is 45 U.S.C.A. § 51 which provides that:

> "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appli-

ances, machinery, track, roadbed, works, boats, wharves, or other equipment."

■■ The face of the statute indicates that plaintiff cannot support his claims for the alleged willful and intentional actions of defendants because liability is limited to negligence. Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L. Ed. 299 (1922). It should also be noted that the provision applies only to negligent acts of a railroad which would immediately exclude a cause of action under this provision against Retail Credit Company.

■ Moreover, the alleged injuries by plaintiff were not sustained while engaged in interstate commerce.

The second provision relied upon is 45 U.S.C.A. § 55 which provides as follows:

"Any contract, rule, regulations, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

■ There is no basis for plaintiff's contention that this section creates a civil cause of action. Therefore, the claims based on the provisions of the Federal Employers' Liability Act must be dismissed for failure to state a claim upon which relief can be granted.

(D) Finally, plaintiff relies on 28 U.S. C.A. § 1337 which confers jurisdiction on the district courts in cases under any act of Congress regulating commerce. The dismissal of the claims based on the provisions of the Federal Employers' Lia-

bility Act render a discussion of this section unnecessary.

■ As to the common law torts, plaintiff contends that the doctrine of "pendent jurisdiction" applies and therefore the Court should retain jurisdiction against Defendant Carrier even though diversity of citizenship is absent. The doctrine of "pendent jurisdiction" provides that original jurisdiction resting on a federal claim extends to any nonfederal claim against the same defendant if the federal question is substantial and the federal and nonfederal claims constitute a single cause of action. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). The federal questions presented in the instant situation are not substantial since they have been dismissed on the pleadings alone without the presentation of evidence. Rumbaugh v. Winifrede RR Co., 331 F.2d 530 (C.A. 4, 1964). Therefore, the Court cannot retain jurisdiction of the common law claims against Defendant Carrier and its motion to dismiss will be granted as to all of plaintiff's claims.

■ An independent basis of jurisdiction does exist as to Retail Credit Company because plaintiff is a citizen of Pennsylvania and Retail Credit Company is incorporated and has its principal place of business in Georgia. Taking all facts contained in the Complaint as admitted and every inference fairly deducible therefrom, and viewing the same in the light most valuable to the plaintiff, the Court cannot say, as a matter of law, that plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claims against Retail Credit Company for invasion of privacy, defamation and the intentional causing of emotional distress. Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (C.A.3, 1965). This statement and conclusion also applies to Retail Credit's contention that the one-year statute of limitations bars plaintiff's claim for relief for defamation.

■ Since Defendant Carrier is not against Retail Credit, plaintiff will be

permitted to proceed with his action against Retail Credit based on the foregoing common law torts. States v. John F. Daly, 96 F.Supp. 479 (E.D.Pa.1951).

Therefore, Retail Credit Company's Motion to Dismiss the Claims based on the common law torts should be denied.