Edward BESTA, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION, Defendant.

No. 83 Civ. 4029 (KTD).

United States District Court, S.D. New York.

March 2, 1984.

Altier, Wayne & Klein, New York City, for plaintiff; Richard Klein, New York City, of counsel.

Gallop, Dawson, Kimelman & Clayman, New York City, for defendant; Amy Schwartz, New York City, of counsel.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Defendant Consolidated Rail Corporation ("Conrail") moves to dismiss this action

brought by the plaintiff Edward Besta in which Besta alleges a violation of the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 et seq.

■ Defendant first asserts that the complaint should be stricken pursuant to Fed.R.Civ.P. 37(d) for plaintiff's failure to answer interrogatories served on him on August 11, 1983. Defendant states that in the four months since the thirty-day time period expired, plaintiff has not responded in any way or notified defendant of the reason for the delay. Plaintiff, since the filing of defendant's motion has answered the interrogatories.

Defendant's motion to strike or for other sanctions is denied for several reasons. First, plaintiff has not wilfully disobeyed a discovery order of this court or engaged in any other similarly egregious conduct which would justify striking the complaint. See Halverson v. Campbell Soup Co., 374 F.2d 810, 812 (7th Cir.1967). Moreover, because plaintiff has subsequently complied with defendant's discovery request, such a severe sanction is inappropriate. In addition, defendant has equally defaulted on its discovery obligations by violating Southern District of New York Local Civil Rule 3(f) by failing to certify that it has "conferred with counsel for opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court ...." In fact, defendant's submissions on this motion implicitly acknowledge that defendant has never contacted plaintiff to resolve the discovery compliance delay. This contravenes the express purpose of Local Rule 3(f). Accordingly, this aspect of defendant's motion is denied in full.

■ Conrail's second ground for dismissal is that this court lacks subject matter jurisdiction over this action. Defendant claims that plaintiff's complaint alleges only intentional tort causes of action which are not cognizable under the FELA. See Fullerton v. Monongahela Connecting R.R. Co., 242 F.Supp. 622 (W.D.Pa.1965). Plaintiff is a Conrail coach cleaner whose cause of action arises out of an altercation with a Conrail policeman while plaintiff was working. Plaintiff seeks to recover monetary damages for personal injuries, assault and battery, wrongful detention, wrongful imprisonment, and malicious prosecution.

Defendant is certainly correct that the bulk of plaintiff's claims are intentional torts. Nevertheless, under his assault and battery cause of action, plaintiff may be able to establish liability on Conrail's part for its negligent retention of a security guard with violent propensities. See Harrison v. Missouri Pacific R.R. Co., 372 U.S. 248, 83 S.Ct. 690, 9 L.Ed.2d 711 (1963).

■ Defendant asserts that in Harrison, the defendant knew of its employees violent propensities, but here "plaintiff's injuries arose out of his lawful arrest by defendant's police officer." Defendant's Reply Affidavit at 3. In addition, defendant argues that it "could not possibly have foreseen injury to plaintiff in this instance." Id. Obviously, these are purely factual arguments that plaintiff disputes, and which cannot be resolved on a motion to dismiss. See Tomarkin v. Ward, 534 F.Supp. 1224, 1227 (S.D.N.Y.1982) (pleading allegations accepted as true on a motion to dismiss). Although plaintiff's claim may be difficult to establish, it cannot be said that there is no set of facts which plaintiff could prove that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). See also Vende v. Conrail, No. 79 Civ. 2138 (S.D.N.Y.1981) (plaintiff may be entitled to relief if the fellow employee's intentional tort was reasonably forseeable or in furtherance of the employer's business). Accordingly, plaintiff's complaint survives this motion to dismiss.

Defendant also seeks to dismiss plaintiff's malicious prosecution cause of action. Plaintiff agrees with the dismissal of this cause of action which, apparently, is barred under the rationale of Hollender v. Trump Village Cooperative, Inc., 58 N.Y.2d 420, 448 N.E.2d 432, 461 N.Y.S.2d 765 (1983).

Therefore, defendant's motion to strike the complaint pursuant to Rule 37(d) and to dismiss for lack of subject matter jurisdiction are both denied. Defendant's motion to dismiss plaintiff's malicious prosecution cause of action in the complaint is granted on consent.

SO ORDERED.