F I L E D
United States Court of Appeals
Tenth Circuit

NOV 2 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ALLEN MARSHAL STANDARD,

   Plaintiff - Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, a corporation,

   Defendant - Appellee.

No. 98-7134
(D.C. No. CV-97-537-P)
(E. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BRISCOE**, Circuit Judges, and **KIMBALL**,[**] District Judge.

Plaintiff appeals from the grant of summary judgment in favor of Union Pacific

Railroad Company ("Union Pacific), under the Federal Employers' Liability Act. The

magistrate court concluded that there was no evidence that defendant's conduct played

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Dale A. Kimball, District Judge, of the United States District Court for the District of Utah, sitting by designation.

any part in plaintiff's injury thereby granting the motion for summary judgment in favor of Union Pacific. Plaintiff further appeals the magistrate court's denial of certain discovery motions arguing that the denial of these motions was an abuse of discretion. We reverse the magistrate court's grant of summary judgment and remand in accordance with this order and judgment. We reverse in part and affirm in part the magistrate court's denial of plaintiff's discovery motions.

Plaintiff, Allen Marshall Standard ("Standard") was an employee of Union Pacific. On November 27, 1996, while acting in the scope of his duties as a conductor for Union Pacific, Standard was injured when he attempted to repair the fuel tank on the locomotive that was in his charge. The fuel tank had been punctured by an object on the tracks which later proved to be an angle bar.[1] Standard was attempting to plug the leak, according to Union Pacific policy, when fuel blew out into his face causing injury.

Standard filed a Complaint in the United States District Court for the Eastern District of Oklahoma on September 22, 1997 under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). On January 8, 1998, Standard filed a Third Amended Complaint adding a count alleging that Union Pacific had violated the Federal Locomotive Inspection Act, 49 U.S.C. § 20701 ("FLIA").

The FELA was enacted in 1908 and reads in pertinent part as follows:

---

[1]Angle bars are about two to three inches thick and are used to hold two pieces of rail in place. The angle bar in this instance had been placed on the track by a juvenile who had apparently found it nearby.

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. Union Pacific moved for summary judgment on April 1, 1998 arguing that there was no evidence of any negligent act or omission under the FELA on the part of Union Pacific that caused Standard's injuries, and that there was no viable cause of action under the FLIA.

Prior to the magistrate court granting summary judgment, plaintiff filed a supplemental request for production and motion to expedite discovery on June 9, 1998. On June 18, 1998, plaintiff filed a motion for sanctions and to strike Union Pacific's pleadings. On June 22, 1998, plaintiff filed a motion to supplement his witness and exhibit list and on June 22, 1998, plaintiff further filed a motion to take five depositions and for production of documents out of time. In its Order denying all of plaintiff's discovery motions, the magistrate court held that discovery had previously been extended from May 20, 1998 until June 22, 1998 and that plaintiff had been granted additional time to respond to Union Pacific's motion for summary judgment. The trial court denied plaintiff's motion to expedite discovery and granted Union Pacific's motion to strike

-3-

plaintiff's supplemental request for production.

In an Order dated September 17, 1998, the magistrate court granted Union Pacific's motion for summary judgment holding that plaintiff did not have a cause of action pursuant to the FLIA and that there were no disputed facts which established negligence on the part of the railroad pursuant to the FELA. The magistrate court held that in order for there to be a cause of action pursuant to the FELA, all of the elements of common law negligence must be established and that the FELA does not hold railroads strictly liable for an employee's injuries. *See Brown v. CSX Transp. Inc.,* 18 F.3d 245 (4th Cir. 1994) and *Readon v. Peoria & Perkin Union Ry. Co.,* 26 F.3d 52 (7th Cir. 1994). The court held that the plaintiff's injuries were caused by vandalism rather than the defendant's negligence. The plaintiff appeals only the holding under the FELA to this court.

We review the magistrate court's grant of summary judgment de novo. *Kidd v. Taos Ski Valley, Inc.,* 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law." Fed. R. Civ. P. 56(c). We view the evidence and all reasonable inferences derived therefrom in the light most favorable to the nonmoving party. *Kidd* at 851.

In order to recover under the FELA, the employee must show that he was injured

as a result of an accident which occurred in the course of his employment and due to the railroad's negligence. *See Gallick v. The Baltimore and Ohio Railroad Company,* 372 U.S. 108 (1963). The standard applied by federal courts however, in determining whether the evidence is sufficient to send a case to the jury under the FELA, is "significantly broader than the standard applied in common law negligence actions." *Metcalfe v. Atchison, Topeka and Santa Fe Railway Company,* 491 F.2d 892 (10th Cir. 1973). Citing *Lavender v. Kurn,* 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946), the *Metcalfe* court held that "[o]nly when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear." *Metcalfe* at 895.

In *Rogers v. Missouri-Pacific Railroad Co.,* 352 U.S. 500 (1957), the Court held that the test under the FELA as to whether or not a case should go to the jury is "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* at 506. The Court went on to hold that "It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes. . . ." *Id.* It follows that in the case at hand, it does not matter that the injuries to the plaintiff were caused by the juvenile placing the angle bar on the track, if the defendant was negligent in the slightest, the matter should still go to the jury. The record before this court shows that there is some evidence that the defendant may have been negligent in leaving the angle bar near the track in the first place. Under the FELA this is

enough to take the matter to the finder of fact.

Further, it is irrelevant under the FELA, that a third person placing an angle bar on the track may have been a highly unlikely event. Although the FELA does not make the employer the insurer of the safety of his employees, the basis for recovery under the Act is the employer's negligence. *See Ellis v. Union Pacific R. Co.,* 329 U.S. 649, 653 (1947); *accord Inman v. Baltimore & Ohio R.R. Co.,* 361 U.S. 138, 140 (1959); *Wilerson v. McCarthy,* 336 U.S. 53, 61 (1949). The United States Supreme Court held in *Gallick v. The Baltimore and Ohio Railroad Company,* 372 U.S. 108, 119 (1963) that under the FELA "such a tortfeasor must compensate his victim for even the improbable or unexpectedly severe consequences of his wrongful act." An employer is thus required under the Act "to make reasonable provisions" against foreseeable dangers, even if those dangers stem from intentional or criminal conduct by third parties. *See Lillie v. Thompson,* 322 U.S. 459, 462 (1947); *accord Harrison v. Missouri Pacific R.R. Co.,* 372 U.S. 248, 249 (1963). For this reason, the evidence that was opined by plaintiff's expert that the defendant was negligent in leaving stockpiled railroad maintenance equipment in a residential area for a long period of time, was sufficient to withstand the motion for summary judgment and allow the matter to proceed to the jury. The magistrate court erred in its granting of the motion for summary judgment and this matter is reversed and remanded to the magistrate court.

Appellee further argues that the magistrate court committed an abuse of discretion

in denying his discovery motions. The plaintiff made a motion before the magistrate court to take five depositions out of time and for the production of documents. Plaintiff further moved for leave to file a supplement to his witness and exhibit lists and for sanctions against the defendant along with a motion to strike Union Pacific's pleading for discovery abuse. Lastly, plaintiff argues that the magistrate court erred in denying plaintiff's motion to expedite discovery and granting Union Pacific's motion to strike plaintiff's supplemental production request. We will briefly address each motion.

The magistrate court denied plaintiff's motion to take five depositions out of time, and for the production of additional documents, on the basis that discovery had previously been extended on the request of the plaintiff from May 20, 1998, until June 22, 1998. There are several relevant factors used by appellate courts in reviewing decisions of whether to extend or reopen discovery, including: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987). In light of the fact that this matter has been remanded for further proceedings, it is clear to this court that trial is not imminent and that the defendant will not be prejudiced by allowing the plaintiff to conduct further discovery with respect to the

railroad personnel having information pertaining to the prior related incident in Alma, Arkansas. There is no evidence in the record that indicates that the plaintiff was not diligent in obtaining discovery concerning the Alma incident prior to the discovery deadline. The record indicates that this information came to light at the last minute. Lastly, it appears to this court that further discovery could very well lead to relevant evidence. For these reasons, the denial of plaintiff's motion to take additional depositions and for the additional production of documents is reversed as to those depositions and documents that relate to the Alma Arkansas incident. In accordance with this ruling and for those reasons stated above, plaintiff's motion for leave to file a supplement to his witness and exhibit lists is also reversed as is the magistrate court's granting of Union Pacific's motion to strike plaintiff's supplemental production request.

The magistrate court's denial of plaintiff's motion to expedite discovery is affirmed on the basis that a new scheduling order will now be in place based upon the above rulings and the motion to expedite discovery is now moot. Lastly, the magistrate court's denial of plaintiff's motion for sanctions and motion to strike the defendant's pleadings for discovery abuse is affirmed. This is a matter within the sound discretion of the trial court and there is no evidence in the record that the magistrate court's failure to sanction the defendant in this matter was an abuse of discretion.[2]

---

[2]There are three additional motions pending before this court. The appellant has filed a Motions to Include Deposition Testimony of certain witnesses included in the appendix to his brief, and a Motion to File a Supplemental Appendix. The appellee has

REVERSED AND REMANDED.

Entered for the Court,


Dale A. Kimball
United States District Judge

---

filed a Motion to Include Deposition Testimony of certain witnesses included in the appendix to it's brief. All three motions are hereby granted.