Raymond D. **ROBERT,**
Plaintiff, Appellant,

v.

**CONSOLIDATED RAIL CORPORATION, Defendant, Appellee.**

No. 87–1069.

United States Court of Appeals,
First Circuit.

Heard June 5, 1987.
Decided Oct. 28, 1987.

**4**

Mark J. McCarthy with whom Phillip S. Arensberg, McClung, Peters and Simon, Albany, N.Y., and Lawrence E. Ehrhard, Springfield, Mass., were on brief, for plaintiff, appellant.

Leonard F. Zandrow, Jr., with whom Robert L. Farrell, Richard L. Neumeier and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, DAVIS[*] and TORRUELLA, Circuit Judges.

DAVIS, Circuit Judge.

This appeal is from an order of the United States District Court for the District of Massachusetts (Freedman, J.) granting summary judgment to defendant-appellee Consolidated Rail Corporation (Conrail) against plaintiff-appellant Raymond D. Robert. *Robert v. Consolidated Rail Corp.*, Civil No. 84–0392–F, slip op. (D.Mass. Jan. 9, 1987) (mem. and order). Because we agree with the district court's conclusion that Robert failed to prove an essential element of his negligence claim, we affirm.

## I. *Background and Procedural History* [1]

Between 1968 and 1982, Robert worked for Conrail as a welder and a track foreman. According to appellant's deposition testimony, his responsibilities as a foreman included supervising production teams of up to 20 employees and insuring that his men enjoyed safe working conditions.

Robert recalled that, beginning in 1979, Conrail (in his view) provided him with inadequate equipment and fewer men than necessary to enable his group to complete its assigned duties in a safe manner. At different times, Robert relayed these concerns to four supervisors including an assistant division engineer.

Initially, Robert's grousing about unsafe working conditions and frequent demands for proper tools and sufficient manpower to complete his assignments did little more than earn him a reputation as a gadfly. Eventually, however, appellant maintains that Conrail embarked upon a course of deliberate harassment in retaliation against his frequent complaints to his supervisors about unsafe working conditions. In particular, Robert cited as evidence of harassment Conrail's (1) decision to disqualify him from the foreman's position he had held for 14 years; (2) reassignment of Robert to various positions forcing him to acquire new skills and relocate; (3) subjection of Robert to enhanced supervision and scrutiny while on the job; and (4) assignment to Robert of additional duties including track patrolling and switch inspections.

Nor does appellant's tale end there. On Friday, March 19, 1982, Robert completed his work for the week without incident. Two days later, while privately operating a wood-splitting machine, he experienced severe chest pains and was admitted to Holyoke Hospital. The following day, March 22, 1982, he suffered a heart attack.[2] According to his physician, Dr. Norman Halpern, "work-related stress was a significant contributing cause [of Robert's] heart disease." Based on this medical opinion, appellant framed his complaint under the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51–60. His theory was that he suffered a heart attack as a proximate

---

[*] Of the Federal Circuit, sitting by designation.

1. We assume that the relevant facts are as stated in the district court's memorandum and order because they (1) are generally supported by the record and (2) have not been shown to be erroneous or subject to genuine dispute. Moreover, for the purposes of this appeal, we view all facts in the light most favorable to appellant. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970).

2. A former smoker, Robert had no prior history of heart trouble and was 46 years old at the time of the attack.

result of an extended period of on-the-job harassment by Conrail's agents.

Conrail filed a motion for summary judgment and argued that, even viewing the evidence in the light most favorable to appellant, the injuries Robert sustained were not compensable under FELA. The court referred this motion to a magistrate for a Report and Recommendation.[3] On August 27, 1986, the magistrate recommended that the court grant Conrail's motion. Within 10 days, Robert filed written objections to the magistrate's report.

## II. *The District Court Decision*

After reviewing the matter *de novo* in light of appellant's objections, the district court adopted the magistrate's recommendation and granted Conrail's motion for summary judgment. The nucleus of the court's opinion is this:

> Though the Court agrees with the Magistrate's estimation of the difficulties of proving a causal connection between job-related stress and heart disease, this difficulty alone does not demand that summary judgment be granted. Nor do the facts that [Robert] did not begin to experience chest pains until two days after he had last worked following at least moderate physical exertion, require the allowance of the motion. Once it is assumed, as it must for purposes of summary judgment, that [Robert's] physician is correct in his opinion that [Robert's] heart attack is attributable, at least in part, to job-related stress, it should be for the ultimate trier of fact to assess whether this is true. Given the very minimal showing of causation necessary to establish liability, *c.f. Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500 [77 S.Ct. 443, 1 L.Ed.2d 493] (1957) (even the slightest causal relationship between plaintiff's injury and defendant's negligence establish[es] liability), the Court is not prepared to say at this stage of the litigation that no reasonable trier of fact hearing Dr. Halpern's testimony, could find that causality had not been proved.

Nevertheless, *because the Court finds that the undisputed facts in the record fail to establish an essential element of negligence, it must allow the motion.*

The statute does not purport to serve as an insurer of railway employees; negligence of the defendant is the crux of a FELA action. *See Ellis v. Union Pacific Railroad Co.*, 329 U.S. 649 [67 S.Ct. 598, 91 L.Ed. 572] (1947); *Brady v. Southern Railroad Co.*, 320 U.S. 476 [64 S.Ct. 232, 88 L.Ed. 239] (1943). *As the Supreme Court has stated, the essential ingredient of FELA negligence is the reasonable foreseeability of harm to plaintiff. Harrison v. Missouri Pacific Railroad Co.*, 372 U.S. 248 [83 S.Ct. 690, 9 L.Ed.2d 711] (1963).

*Robert v. Consolidated Rail Corp.*, Civil No. 84-0392-F, slip op. at 6–7 (D.Mass. Jan. 9, 1987) (emphasis added).

Crucial to the court's holding was the fact that the record was barren of any indication that Conrail knew or should have known of the possibility that its allegedly harassing conduct toward Robert would cause him to suffer a heart attack. In particular, the district court emphasized three facts which underscored appellant's inability to establish that his heart problem was a reasonably foreseeable consequence of Conrail's deliberate pattern of harassment. First, prior to March 21, 1982, Robert never experienced any symptoms of heart trouble. Second, notwithstanding appellee's alleged continual harassment, Robert apparently never complained to Conrail officials that he felt he was being harassed or feeling stress. Finally, Robert never alleged that Conrail negligently failed to stop the harassment from occurring. As the court put it, Conrail "could not reasonably foresee that [Robert] would suffer a heart attack from harassment of which it was never informed." *Robert*, slip op. at 8.

## III. *The Federal Employers Liability Act (FELA)*

In 1906, Congress enacted FELA to provide a federal remedy for railroad workers

---

**3.** *See* Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts; 28 U.S.C. § 636(b)(1)(B).

who suffer personal injuries as a result of the negligence of their employer or their fellow employees. *Atchison T. & S.F.R. Co. v. Buell,* — U.S. —, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). Section 1 of FELA, as codified, provides in part:

> Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tract, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.

The Supreme Court has recognized generally that FELA is a broad remedial statute and accordingly has adopted a "standard of liberal construction in order to accomplish [Congress'] objects." *Urie v. Thompson,* 337 U.S. 163, 180, 69 S.Ct. 1018, 1030, 93 L.Ed. 1282 (1949). At the core of FELA is its broad, humanitarian purpose: protection of the nation's railroad workers. According to the Supreme Court,

> The FELA ... seeks to adjust the cost of injury equitably between the worker and the railroad.... [The statute views the railroad] as a unitary enterprise, its economic resources obligated to bear the burden of all injuries befalling those engaged in the enterprise arising out of the fault of any other member employed in the common enterprise.

*Sinkler v. Missouri Pacific R.R. Co.,* 356 U.S. 326, 330, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958). Moreover, under FELA negligent employers cannot escape liability merely because other causes contribute to the injury. *Page v. Saint Louis South-*

*western Ry. Co.,* 312 F.2d 84 (5th Cir.1963). And no matter how slight the causal link between the employer's negligent act and the injury, recovery is allowed. *Tennant v. Peoria & Pekin Union Ry. Co.,* 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520 (1943).

Nonetheless, as the district court recognized, FELA does not impose strict liability on employers. Plaintiffs are still required to prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation. *Robert v. Consolidated Rail Corp.,* Civil No. 84–0392–F, slip op. at 7–8 (D.Mass. Jan. 9, 1987). Even assuming that Robert adequately demonstrated the existence of duty, breach and causation, his case is lacking as to proof of foreseeability. As noted *supra* in Section II, the record fails to show that Conrail knew or should have known of the possibility that its conduct toward Robert would cause him to suffer a heart attack.[4] We would have a much different case if Conrail, knowing of appellant's heart condition, acted negligently toward Robert. Instead, appellant's first symptoms of chest pain did not occur until two days after he had uneventfully left work for the weekend. Indeed, Robert's chest pain followed physical labor wholly unrelated to his employment: splitting wood as a personal favor for a friend.

Our review of FELA cases involving heart attacks discloses a general trend to treat heart injury as compensable only when suffered on the job or after a traumatic, physical, job-related injury. *See, e.g., Heater v. Chesapeake & Ohio Ry. Co.,* 497 F.2d 1243, 1247 (7th Cir.1974) (back injury from lifting 200 pound yoke at work necessitated surgery, and heart attack occurred as "direct result" of surgery); *Steele v. Louisville & Nashville R.R. Co.,* 506 F.2d 315, 317 (6th Cir.1974) (back inju-

---

**4.** Robert's sole evidence of causation consisted of Dr. Halpern's sworn opinion that "work-related stress was a significant contributing cause [of Robert's] heart disease." For purposes of summary judgment, the court properly assumed to be true Halpern's opinion that Robert's heart attack was attributable, at least in part, to job-related stress. Ultimately, were the case to proceed to trial, the trier of fact would pass upon the validity of Halpern's medical opinion. However, at least one authority has noted the "considerable medical opinion denying the existence of any causal relationship between work-related mental or emotional stress and arteriosclerosis." Liability Under FELA for Heart Injuries, 26 Am.Jur. *Proof of Facts,* 119, 135–36 (1971).

ry from throwing switch at work necessitated two operations followed by lengthy period of disability and heart attack); *Faulkenberry v. Louisiana & Arkansas R. Co.*, 551 F.2d 650, 651 (5th Cir.1977) (engineer's heart attack suffered after, and as a result of, train derailment). Appellant has failed to identify a single FELA case, thus far, in which a court awarded compensation for a stress-induced heart attack without some precipitating physical injury.

However, we would be painting with too broad a brush were we to intimate that purely emotional injuries are not cognizable under FELA. Writing for a unanimous Court, Justice Stevens recently observed:

[t]he question whether "emotional injury" is cognizable under the FELA is not necessarily an abstract point of law or a pure question of statutory construction that might be answerable without exacting scrutiny of the facts of the case. Assuming, as we have, that FELA jurisprudence gleans guidance from common law developments, *see Urie v. Thompson*, 337 U.S., at 174 [69 S.Ct. at 1026], whether one can recover for emotional injury might rest on a variety of subtle and intricate distinctions related to the nature of the injury and the character of the tortious activity. For example, while most states now recognize a tort of intentional infliction of emotional distress, they vary in the degree of intent required to establish liability, and the level of physical manifestation of the emotional injury required to support recovery. Moreover, some States consider the context and the relationship between the parties significant, placing special emphasis on the workplace. In addition, although many States have now recognized a tort of negligent infliction of emotional distress, they too vary in the degree of objective symptomatology the victim must demonstrate. These issues are only exemplary of the doctrinal divergences in this area. In short, the question whether one can recover for emotional injury may not be susceptible to an all-inclusive "yes" or "no" answer. As in other areas of law, broad pronouncements in this area may have to bow to the precise application of developing legal principles to the particular facts at hand.

*Atchison, T. & S.F.Ry. v. Buell*, —— U.S. ——, 107 S.Ct. 1410, 1417–18, 94 L.Ed.2d 563 (1987) (footnotes omitted). We leave to a later day resolution of whether a particular heart attack induced solely by stress and not accompanied by any precipitating physical injury is compensable under FELA. Suffice it to say that in this case Robert has failed to establish that Conrail could or should reasonably have foreseen that he would suffer a heart attack from stress of which Conrail was never informed.

### IV. *Conclusion*

Because we agree that appellant failed to prove an essential element of his case—the foreseeability that appellee's allegedly harassing actions would injure him—the entry of summary judgment in favor of appellee is affirmed.

AFFIRMED.