**Kenneth D. CHAPMAN, Plaintiff,**

v.

**E.S.J. TOWERS, INC.; etc., Defendants.**

**Civ. No. 90–2623(PG).**

United States District Court, D. Puerto Rico.

June 10, 1992.

---

Harvey B. Nachman, Santurce, P.R., for plaintiff.

Rita M. Vélez, Ponce, P.R., Adrián Mercado, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This case is presently before the Court on defendants' motions for summary judgment. For the reasons fully discussed below, the Court finds that plaintiff has presented enough evidence to establish the existence of several genuine issues of material fact so as to preclude entry of summary judgment. Therefore, the case must proceed to trial.

### The Facts

Plaintiff, Kenneth Chapman, was a registered guest at the E.S.J. Towers on September 20, 1990. At approximately 5:00 p.m. on said date, plaintiff went to the front desk to speak with the hotel supervisor. Upon his arrival a person was standing there screaming. Plaintiff then heard someone else scream: "there they go!" Almost simultaneously, one of the hotel employees threw something at an automobile which darted out of the garage towards the street. A shot was fired from inside the car, injuring plaintiff in his upper thigh area.

The occupants of the automobile had attempted to kidnap another hotel guest, who, by his own brave efforts managed to escape. These hoodlums, members of organized crime, entered guilty pleas after being apprehended by the local authorities shortly after the incident.

### The issue at bar

The gist of plaintiff's argument is that defendants E.S.J. Towers and Universal Se-

curity Advisors, Inc.,[1] acted negligently by failing to adequately secure the hotel premises so as to provide a safe haven to its guests. Had it not been for the defendants' alleged negligence, the kidnapping incident would not have taken place, and in turn, plaintiff would not have been the victim of criminal activity.

The defendants deny any tort liability on the legal ground that there is no causal link between their allegedly negligent acts and the injury to the plaintiff.

*The standard for summary judgment*

Summary judgment is appropriate when "the pleadings, depositions ..." show that "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). "Once a movant avers 'an absence of evidence to support the nonmoving party's case,' the latter must adduce specific facts establishing the existence of at least one issue that is both 'genuine' and 'material.'" *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir.1991) (citations omitted); *Ponce Federal Bank, F.S.B. v. The Vessel Lady Abby*, 780 F.Supp. 878, 880 (D.P.R. 1992).

> The mere existence of a factual dispute, of course, is not enough to defeat summary judgment. The evidence relied upon must be "significantly probative" of specific facts which are "material" in the sense that the dispute over them necessarily "affects the outcome of the suit." In other words, the party opposing summary judgment must demonstrate that there are factual issues which "need to be resolved before the related legal issues can be decided."

*Sheinkopf* at 1262 (citations omitted).

In negligence cases, determinations of foreseeability and of whether a defendant acted reasonably fall within the prov-

ince of the jury. Hence, a court should be cautious in using the summary judgment device to dispose of such cases. *See TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 450 n. 12, 96 S.Ct. 2126, 2133 n. 12, 48 L.Ed.2d 757 (1976) (citing 10 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 2729 (1973)). *Accord Cuadrado–Lugo v. Santiago–Rodríguez*, 90 J.T.S. 59, 7702 (discussing Puerto Rico Rule of Civil Procedure 36.3). However, a court should not be reluctant in entering summary judgment against the nonmoving party if it fails to prove an essential element of its case such as foreseeability. *See Robert v. Consolidated Rail Corporation*, 832 F.2d 3, 7 (1st Cir.1987). With this criterion in mind, the Court will proceed to examine the documentary evidence presented along with the parties' motions.

*Discussion*

I.

It is "mamotreto"[2] law that liability for negligent acts or omissions derives from Article 1802 of Puerto Rico's Civil Code.[3] In order for liability to arise from an omission, the party failing to act must owe an affirmative duty to the aggrieved party. *Elba v. University of Puerto Rico*, 90 J.T.S. 13, 7384 (1990). Pursuant to Article 1057 of the Civil Code,[4] certain institutions such as schools, hospitals and hotels owe the utmost duty of care to their guests, patients and students so as to protect them from the possible criminal acts of third parties. *Id.*, quoting *Estremera v. Inmobiliaria Rac, Inc.*, 109 D.P.R. 852, 856 (1980). These institutions are hence required to take extra protective measures despite any that may be offered by the Commonwealth's police. *Elba*, 90 J.T.S. at 7384.

---

1. Universal provided security to the hotel pursuant to a contract it entered to with E.S.J. Towers.

2. "Mamotretos" are the legal outlines used by aspiring lawyers studying for the local bar examination.

3. 31 L.P.R.A. § 5141.

4. 31 L.P.R.A. § 3021. This Article provides:

   The fault or negligence of the debtor consists of the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and place ...

Key in any negligence action is the element of foreseeability, necessary to establish causation. Thus, a defendant, even though negligent, will be relieved of liability whenever an intervening cause produces an unforeseeable result. *Widow of Andino v. W.R.A.*, 93 P.R.R. 168, 178 (1966). The foreseeable acts of third parties will not shield a defendant from liability, *id.*, except if these are wholly inevitable. *Salvá–Matos v. Díaz Construction Co.*, 95 P.R.R. 880, 884 (1968). *See also* 2 Puig Brutau, *Fundamentos del Derecho Civil*, no. 3 at 101 (1983); 3 Santos Briz, *Derecho Civil* at 534 (1973).

To spell an inelastic rule on foreseeability as to the negligent or criminal acts of third parties would be impracticable. Thus, this Court must, as would the courts of this Commonwealth, focus on the particular facts of the case at bar. *See* Brau del Toro, H., *Daños v. Perjuicios Extracontractuales en Puerto Rico*, Vol. II, Publicaciones J.T.S.1986, p. 727. Nevertheless, an examination of the Supreme Court's jurisprudence is helpful. After reviewing several Supreme Court decisions on the issue of foreseeability, one case cited by neither side, *Elba v. University of Puerto Rico, supra*, strikes the Court's attention as being most enlightening.[5]

In *Elba*, plaintiff, a student at the Río Piedras campus of the University of Puerto Rico, was attacked, raped and sodomized on campus premises by an individual bearing no relationship whatsoever to said institution. The University denied liability on the ground that the rapist's act was the unforeseeable intervening criminal act of a third party. It further argued that protection to its students was a task for the Commonwealth's police. The Supreme Court disagreed, holding that since the criminal's act was indeed foreseeable, the University failed to meet its duty of providing adequate protection to its students.

The evidence before the Court showed that the University's administration was well aware that in the past there had been several similar incidents in the same and adjacent areas to that where plaintiff was attacked. As if this were not enough, the place of the incident had been specifically identified on the campus map as a dangerous area of the campus. Additionally, the area was dimly lit, surrounded by shrubs, and unguarded.

*Negrón v. Orozco–Rivera*, 113 D.P.R. 712 (1983) is another illuminating case. There, plaintiff's deceased spouse was involved in a heated discussion with Orozco, an off-duty policeman. During the incident Orozco pulled out a gun and pointed it at the deceased. The deceased thereafter went to the police station to file a complaint. While there, Orozco entered the station and was taken to a separate room. The deceased then suddenly bolted into the room and yelled some obscene words at Orozco. Orozco pulled out his revolver and shot him.

Plaintiff brought a tort suit against the Commonwealth alleging that the police acted negligently by failing to provide adequate security to her deceased husband at the station. The Commonwealth argued that it was not liable, as Orozco's acts were the intentional criminal acts of a third party. The Supreme court disagreed. The evidence showed that at the time of the deceased's arrival at the station, the police were well aware of the previous incident between him and Orozco. When Orozco arrived, no one disarmed him although everyone was well aware that he was carrying his revolver. Since Orozco's conduct was thus foreseeable from his temper, especially in light of the previous gun pointing incident, the police were under a duty to disarm him so as to provide a safe haven to the deceased inside the police station.

---

5. The parties have cited several state and federal cases discussing the foreseeability doctrine as it has developed in common-law jurisdictions. Despite the possible guidance these may provide, the Supreme Court of Puerto Rico has repeatedly stated that courts in Puerto Rico must always look to the Civil law. Only in the absence of any guidance therefrom should a court look to the common-law for persuasive authority. *See Valle v. American International Insurance Co.*, 108 D.P.R. 692, 696–97 (1979). This being a diversity action, the Court is bound by such rule of substance. *See Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II.

The issue in the instant case is not whether the hotel premises were unsupervised and freely accessible to anyone. *Cf. Pabón–Escabí v. Axtmayer,* 90 D.P.R. 20 (1964). Rather, as in *Elba* and *Negrón–Orozco,* it is whether the criminal conduct of the third parties who injured plaintiff was *foreseeable* and *preventable* so as to impose liability upon the defendants for failing to provide adequate security to plaintiff and other guests. Regarding such an issue our circuit has stated:

> Not only ordinary fact questions, but also "evaluative applications of legal standards (*such as the concept of legal 'foreseeability'*) to the facts" are properly jury questions. In any case where there might be reasonable difference of opinion as to the evaluative determinations ... *the question is one for the jury.* (emphasis added)

*Springer v. Seaman,* 821 F.2d 871, 876 (1st Cir.1987) (citing *Prosser and Keeton on Torts,* 320–21 (W. Keeton 5th ed. 1984). This rule has been applied to negligence cases arising under Article 1802 of the Civil Code. *See Marshall v. Pérez–Arzuaga,* 828 F.2d 845, 848–50 (1st Cir.1987).

At this juncture, plaintiff has proven the existence of genuine "factual-legal" issues regarding the element of causation. *First,* was a shooting spree a foreseeable consequence of an attempted crime on the premises? The incident that took place was not the typical garden variety gunpoint robbery. The shooting was provoked by the hotel employee's act of throwing an object at the automobile. These facts however, in and of themselves will not shield the defendants from liability. The precise risk encountered need not be foreseen so long as the event was of the general type foreseeable. *Widow of Andino, supra,* 93 P.R.R. at 178.

*Second,* were the premises to the hotel adequately protected so as for the hotel to meet the duty of care owed to its guests? Plaintiff has produced evidence suggesting that the hotel breached said duty. For example, at the time of the incident, one security guard supervised ten to fifteen monitors covering the entire hotel premises. *See* Deposition of Aaron Vélez–Rosario at 11, 14. The guard on duty also worked twelve hour shifts with no break whatsoever. *Id.* at 65. Furthermore, although automobile access to the premises was controlled, there was an open area through which taxis and other vehicles could enter via the adjacent El San Juan Hotel. *Id.* at 33.

### Conclusion

Had the situs of the crime in this case been a place other than the hotel premises, the Court might not have been hesitant in granting the defendants' motions for summary judgment. *See, cf., Jacob v. Eagle Star Insurance Co.,* 640 F.Supp. 117 (D.P.R.1986) (unforeseeable that plaintiff, a passenger in a taxicab which stopped at a red light next to a public housing project, would be robbed and shot). However, the law of this Commonwealth mandates that hotels foresee such incidents of crime and violence, and that they take special security measures to assure the safety of their guests.

Since reasonable minds may differ in answering the causation issues raised by plaintiff, it would be improper for the Court to usurp this case from the jury. Wherefore, the defendants' motions for summary judgment are hereby DENIED. A trial date shall be set accordingly.

IT IS SO ORDERED.