Robert L. DOTY, Plaintiff–Appellant,

v.

ILLINOIS CENTRAL RAILROAD
CO., Defendant–Appellee.

No. 97–1884.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1998.

Decided Sept. 22, 1998.

Published Dec. 7, 1998.*

* This decision was originally issued as an unpublished order. Illinois Central Railroad Company subsequently filed a motion requesting publication pursuant to Circuit Rule 53(d)(3). The panel has granted that motion, and accordingly its decision is now being re-issued as a published opinion.

Joseph J. Cappelli, Stanley M. Shingles (argued), Shingles & Cappelli, Plymouth Meeting, PA, for Doty.

Matthew J. Maddox, William Hardy (argued), Hinshaw & Culbertson, Springfield, IL, for Illinois Central Railroad Co.

Before FLAUM, RIPPLE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Robert L. Doty brought this negligence action against the Illinois Central Railroad Company under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.* He alleged that Illinois Central was negligent insofar as it failed to provide him with safe and adequate working conditions, and he further asserted that defendant's negligence caused him to develop bilateral carpal tunnel syndrome. Doty specifically alleged that Illinois Central was negligent in failing to provide him with an ergonomically designed work station, proper training, and adequate manpower to perform his position as a trackman. After ample time for discovery, Illinois Central moved for summary judgment and at the same time moved to exclude the testimony of Doty's proposed expert witness. The district court first excluded the expert's testimony, finding it inadmissible under Fed. R.Evid. 702, and then granted summary judgment to the railroad. In challenging that judgment before this court, Doty con-

tends that his expert's proposed testimony was admissible and that summary judgment was improper in light of that evidence. He also contends that the district court's ruling on the summary judgment motion was premature because he had not yet been able to depose two potentially important witnesses. For the following reasons, we reject Doty's arguments and affirm the judgment of the district court.

## I.

We begin with Doty's contention that the district court considered Illinois Central's summary judgment motion too soon—before he had the opportunity to depose the railroad's Medical Director and its Risk Manager. Doty contends that both depositions would have been important in his attempt to show that Illinois Central had been negligent in ensuring the safety of employees like Doty. We review the district court's handling of this discovery matter for an abuse of discretion. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir.1996).

On November 28, 1995, the district court entered a scheduling order which set a discovery cut-off date of November 1, 1996. At the same time, the court scheduled a final pre-trial conference for January 21, 1997 and set the trial itself for approximately two weeks later. Between November 1995 and the discovery cut-off date, Doty apparently failed to take a single deposition, and it was only after the discovery cut-off date that he noticed the depositions of Illinois Central's Medical Director and its Risk Manager. On January 7, 1997, two weeks before the previously-scheduled pre-trial conference, the district court granted a joint motion to continue that pre-trial conference as well as the trial date for a period of two months. The reason given for the continuance was that Illinois Central's Risk Manager had suffered a heart attack in December and had therefore been unavailable for deposition. Having granted that continuance, the district court did not proceed to consider and to grant Illinois Central's summary judgment motion until March 14, 1997, only days before the rescheduled pre-trial conference. And in its opinion, the court noted that it had granted a continuance

to enable Doty to take additional depositions but that Doty had failed to submit any supplemental information in response to the summary judgment motion during the extra time provided. Not only did Doty fail to submit any supplemental evidence, but he also made no request for a further continuance. And as far as the record reveals, Doty did not depose the railroad's Medical Director or its Risk Manager during the extra time provided him.

In these circumstances, the district court certainly did not abuse its discretion in granting summary judgment when it did. The court initially provided Doty with ample opportunity to take whatever discovery he thought necessary, and the court then agreed to modify its earlier scheduling order after the time for discovery had expired to enable Doty to take two additional depositions. When the court heard nothing further from Doty as the continued pre-trial date approached, it was entitled to proceed to resolve Illinois Central's summary judgment motion on the record then before it. The district court's decision thus was not premature.

## II.

Having rejected Doty's contention that he had an inadequate opportunity to conduct discovery, we proceed to the merits of the summary judgment order. After reviewing the record, we conclude that even if the testimony of Doty's proposed expert were to be considered, summary judgment for Illinois Central still was warranted. We therefore need not resolve Doty's challenge to the district court's decision to exclude that expert testimony.

■ Illinois Central argued in its summary judgment motion that Doty could not establish that his working conditions were unsafe or that Illinois Central reasonably should have foreseen that the conditions were unsafe or inadequate. In support of that argument, Illinois Central pointed to Doty's own deposition testimony to the effect that he did not believe his working conditions to be inadequate in any way, and that he had never complained to the railroad about the tools provided him or about the training he

received in using those tools. Because Doty ultimately would bear the burden at trial of establishing Illinois Central's negligence, he bore the burden on summary judgment of producing sufficient evidence to enable a jury to conclude that his working conditions were unsafe and that Illinois Central should have known of those unsafe conditions. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Richards v. Combined Ins. Co. of Am.,* 55 F.3d 247, 251 (1995). He wholly failed to meet that burden.

■ Doty's response to the summary judgment motion was not a model of legal craftsmanship. As the district court noted, that response did not purport to identify what specifically it was about Doty's workplace that rendered it unsafe. Doty did not produce any evidence, for example, describing the particular tools he considered to be unsafe, nor did he detail the procedures or training methods that he believed to be inadequate. In that regard, then, we are left merely with the bare allegation in his complaint that the workplace was unsafe, and that allegation alone is insufficient to stave off Illinois Central's summary judgment motion. *See* Fed.R.Civ.P. 56(e); *see also Valance v. Wisel,* 110 F.3d 1269, 1275 (1997).

■ Nor do we think the evidence excluded by the district judge, the report of Dr. Gary Herrin, was sufficient to establish that Doty's particular workplace was unsafe. That report merely indicated that by 1985, "there was a sufficient number of studies in the scientific literature linking occupational stress to carpal tunnel syndrome that a knowledgeable health and safety professional should have known of the risks." (R. 33, at 3 & Ex. B.) That is a general opinion that is in no way linked to Doty's particular workplace. Indeed, Doty admits that his expert did not conduct a study of his particular workplace or of the type of tools that he used in his work for Illinois Central. In fact, Doty has pointed us to no place in the record that would even establish what those tools were. Without some link to Doty's particular workplace or the particular types of tools that he was required to use, Dr. Herrin's testimony,

even if admissible under Rule 702, is far too general to permit a jury to conclude that Doty's particular workplace was unsafe. *Cf. Aparicio v. Norfolk & Western Ry. Co.*, 84 F.3d 803, 811–12 (6th Cir.1996) (describing particularized evidence in that case that was sufficient to permit a jury to conclude that the railroad knew or should have known of the risk that its employees may develop carpal tunnel syndrome).

 Given the dearth of evidence in the summary judgment record to support his negligence claim, Doty understandably resorts to relying on the relaxed evidentiary burden imposed upon plaintiffs in FELA actions. *See, e.g., Harbin v. Burlington Northern R.R. Co.*, 921 F.2d 129, 131 (7th Cir.1990) ("the quantum of evidence required to establish liability in a FELA case is much less than in an ordinary negligence action."). As we explained in *Lisek v. Norfolk & Western Ry. Co.*, 30 F.3d 823, 832 (7th Cir.1994), *cert. denied*, 513 U.S. 1112, 115 S.Ct. 904, 130 L.Ed.2d 787 (1995), a FELA action must be submitted to a jury, rather than resolved on summary judgment, even where the evidence of employer negligence is only slight. *See also Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506–07, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) (the plaintiff's proof must "justify with reason" the conclusion that employer negligence played any part in producing the plaintiff's injury); *Harbin*, 921 F.2d at 131. But that relaxed evidentiary standard does not mean that a trial is required where the plaintiff comes forward with next to no evidence at all, for FELA is not a strict liability statute. *See Lisek*, 30 F.3d at 832 ("[A] FELA plaintiff is not impervious to summary judgment. If the plaintiff presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment motion is properly granted."); *see also Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir.1987). Doty seems to have treated it as such in responding to Illinois Central's summary judgment motion, for he pointed to no evidence from which a jury could reasonably find that this particular workplace was unsafe. We therefore conclude that sum-

mary judgment was properly entered for the defendant railroad.

AFFIRMED.