Ronald T. FERGUSON, Plaintiff,

v.

CSX TRANSPORTATION, Defendant.

No. Civ.A. 97–3945.

United States District Court,
E.D. Pennsylvania.

Feb. 25, 1999.

Lawrence R. Cohan, Thomas R. Anapol, Anapol, Schwartz, Weiss & Schwartz, P.C., Philadelphia, PA, Joseph M. Dougherty, II, Springfield, PA, for Ronald T. Ferguson, plaintiff.

John J. Barrett, Jr., Brent L. Hoffman, Saul, Ewing, Remick & Saul, Philadelphia, PA, Edward J. Kelbon, Jr., Saul, Ewing, Remick and Saul, Philadelphia, PA, for CSX Transportation, defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I. INTRODUCTION

Plaintiff, Ronald T. Ferguson has filed a claim pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 ("FELA") against his former employer, CSX Transportation ("CSX"). Specifically, plaintiff has brought a claim under FELA for the negligent infliction of emotional distress caused by defendant CSX. Before the Court is defendant's motion for summary judgment. Because plaintiff was not within the "zone of danger" as articulated by the United States Supreme Court in *Gottshall*, defendant's motion will be granted.

### II. FACTS

The following facts are not in dispute or are construed in the light most favorable to the plaintiff. On or about August 21, 1996,

Larry Deery ("Deery")[1], an employee of CSX who was off-duty at the time of this incident, drove his car to the site where plaintiff was working and began screaming obscenities and threats directed at plaintiff. At the time, plaintiff was working at CSX's rail yard in Willsmere, Delaware. According to plaintiff, Deery threatened to kill him for reporting to a CSX supervisor some indiscretions on the part of Deery's brother, Phillip Deery, who was also an employee of CSX.[2] Plaintiff alleges that, for a period of about five to ten minutes, Deery continued to scream at him, threatening to burn down his home and kill his family.

Initially, when the verbal abuse began, plaintiff was standing next to a running locomotive and Deery was inside his parked car, behind a fence, approximately fifty (50) feet away. However, because Deery was in his car and plaintiff was some distance away standing next to a running train, plaintiff could not hear exactly what Deery was saying. As a result, plaintiff began walking toward the fence separating him from Deery. At that point, continuing the verbal assault towards plaintiff, Deery exited his car and also walked toward the fence separating the two individuals. According to the plaintiff, the two were now three (3) to five (5) feet away, still separated by the fence. After

verbally threatening plaintiff for a few more minutes, Deery picked up some rocks and stones, as well as a 2×4 piece of lumber and threw them at plaintiff. It is undisputed that plaintiff was not hit by any of the objects Deery threw at him.[3] Following Deery's tirade of both words and rocks, plaintiff alleges that Deery returned to his car and made slashing motions across his throat before driving out of the area.[4]

As a result of this confrontation, plaintiff claims to have suffered severe emotional distress. Since the incident, plaintiff has been continuously fearful for his life and that of his family. In addition, he has been unable to work and has difficulty concentrating. Lastly, plaintiff has suffered from major depression and severe anxiety disorder which has required long-term psychiatric care.

## III. LEGAL STANDARD

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant. *Matsushi-*

1. The record is replete with examples of numerous problems Deery had with other co-workers during his tenure at CSX. In fact, plaintiff exhaustively describes Deery's various past indiscretions and boorish behavior by citing to the depositions of several CSX employees. Thus, it is clear from the record that CSX had knowledge or notice of Deery's indiscretions and threatening behavior. Furthermore, for the purposes of this motion, the Court finds that CSX had notice of Deery's past behavior and it was foreseeable that the August 21, 1996 incident could occur. Although plaintiff may be able to satisfy this element of his negligence claim, as discussed in full below, defendant's motion will be granted since *CSX did not owe plaintiff a legal duty since he was not within the zone of danger.*

2. In or about March or April of 1996, plaintiff had reported Phillip Deery to a supervisor for safety violations. Although plaintiff did not have any run-ins with Phillip Deery, Larry Deery allegedly threatened to kill plaintiff on two previous occasions. These threats, however, were never face-to-face threats, but were made over a hand-held radio and overheard by plaintiff. Plaintiff admits that while these threats were

unsettling, there was no imminent threat of physical harm.

3. Thus, it is clear that plaintiff seeks recovery for "purely emotional claims". The Third Circuit defines "purely emotional claims" as a "mental disturbance unaccompanied by a contemporaneous infliction of physical injury." *Gottshall v. Consolidated Rail Corporation*, 56 F.3d 530, 533 n. 3 (3d Cir.1995) (citing *Bloom v. Consolidated Rail Corp.*, 41 F.3d 911, 915 n. 5 (3d Cir.1994)). Although the Third Circuit has not decided "whether emotional distress, to be actionable must produce accompanying physical manifestations in reaction to the mind's disturbance", *see id.*, for the purposes of this motion, the Court concludes that plaintiff has sufficiently demonstrated an accompanying physical manifestation.

4. Although the plaintiff alleges that he presently believes that Deery will carry out his threats to harm him and his family, it is undisputed that since the incident he has not heard from nor had contact with Deery. *See* Dep. of Ronald T. Ferguson, at 102, 133 ("Pl.'s Dep."). In fact, Deery was fired as a result of this incident with plaintiff. *See* Pl.'s Ex. S.

ta Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court must accept the non-movant's version of the facts as true, and resolve conflicts in the non-movant's favor. Big Apple BMW, Inc. v. BMW of N. Amer., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993).

The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has done so, however, the non-moving party cannot rest on its pleadings. See Fed.R.Civ.P. 56(e). Rather, the non-movant must then "make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by depositions and admissions on file." Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir.1992); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Furthermore, in order for a court to grant summary judgment in a FELA negligence case, the defendant must demonstrate the absence of a genuine issue of material fact on at least one of the required elements for negligence and that the issue should be resolved in its favor as a matter of law. See, e.g., Smolsky v. Consolidated Rail Corp., 780 F.Supp. 283, 290 (E.D.Pa.1991); Lauria v. National R.R. Passenger Corp., No. 95–1561, 1997 WL 83767, at *3 (E.D.Pa. Feb.20, 1997).

## IV. ANALYSIS

### A. Recovery Under the FELA

■ The FELA provides that "[e]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier...." 45 U.S.C.A. § 51 (West 1986). However, FELA is not a workers' compensation statute and does not require railroad employers to insure the safety of their employees. See, e.g., Consolidated Rail Corp. v. Gotts-

hall, 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); Inman v. Baltimore & Ohio R.R. Co., 361 U.S. 138, 140, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959). Nevertheless, the Supreme Court has liberally construed FELA to further the statute's broad remedial goal. Gottshall, 56 at 543.

■ The traditional common law negligence elements of duty, breach, foreseeability, causation and damages apply in an action brought under FELA. Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir.1987); see also Finley v. National R.R. Passenger Corp., No. 95–3594, 1997 WL 59322, at *3 (E.D.Pa. Feb.12, 1997); Lauria, 1997 WL 83767, at *2 (E.D.Pa. Feb.20, 1997) Walsh v. Consolidated Rail Corp., 937 F.Supp. 380, 383 (E.D.Pa.1996). The question in this case is whether, under the circumstances of this case, defendant owed plaintiff a legal duty.

### B. Claims for Negligent Infliction of Emotional Distress Under the FELA—Zone of Danger Test.

The United States Supreme Court, in Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994), outlined the standard to be applied when considering claims for negligent infliction of emotional distress under the FELA. In Gottshall, the Supreme Court held that "an emotional injury constitutes 'injury' resulting from the employer's 'negligence' for purposes of FELA only if it would be compensable under the terms of the zone of danger test." Id. at 555, 114 S.Ct. 2396 (citing 45 U.S.C. § 51). It defined the zone of danger test by stating that the law "limits recovery of emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." Id. at 547–48, 114 S.Ct. 2396. According to the Third Circuit, "[t]he Supreme Court adopted the zone of danger test, in part, to limit defendants' liability to certain classes of plaintiffs and to certain types of harm, notwithstanding that some genuine claims would be foreclosed." Bloom v. Consolidated Rail Corp., 41 F.3d 911, 914 (3d Cir.1994) (citing Gottshall, 512 U.S. at 552, 114 S.Ct. 2396).

The Third Circuit has concluded that under *Gottshall,* when plaintiff asserts a claim for negligent infliction of emotional distress, a defendant will owe the plaintiff a legal duty only if: 1) the plaintiff sustained a physical impact or 2) plaintiff was placed in immediate risk of physical harm or threatened imminently with physical impact. *Bloom,* 41 F.3d at 915–16. It is clear from the record that plaintiff did not sustain a physical impact. Plaintiff testified at his deposition and concedes in his Response that he was never hit by any of the objects thrown by Deery. *See* Pl.'s Dep. at 43, 100; Pl.'s Br. in Resp. to Defs.' Mot. for Summ. J. at 5. Therefore, the only issue remaining is whether, under the circumstance, does plaintiff satisfy the second prong of the *Bloom* test.

Plaintiff's deposition testimony clearly reveals that the emotional distress he claims was not the result of the fear of immediate physical harm from being hit by the objects thrown over the fence by Deery, but rather by the fear of the threats of future harm which Deery was making toward plaintiff and his family. *See* Pl.'s Dep. at 99. As he testified at his deposition, due to these threats, he remains in constant fear and has suffered severe emotional distress. Pl.'s Dep. at 99–100; Pl.'s Exs. C, F.[5] This Court concludes that the fear of some future harm caused by verbal threats is insufficient to place plaintiff within the actionable zone of danger because these threats of future harm did not place plaintiff "in *immediate* risk of physical harm or threatened [him] *imminently* with physical impact." *Bloom,* 41 F.3d at 915–16. The fear plaintiff suffered due to the threat to burn down his house, as well as the threat of future harm to plaintiff and his family is, therefore, not compensable. *Cf. Krause v. Security Search & Abstract Co. of Phila., Inc.,* Nos. 96–595, 96–5742, 1997 WL 528081, at *8 (E.D.Pa. Aug.21, 1997) (verbal threats made to plaintiffs about physically harming family members not enough to meet Pennsylvania's zone of danger test and allow recovery for negligent infliction of emotional distress).

---

5. Plaintiff's consulting physician also recognized that plaintiff's fear stems from the threats of future harm. *See* Pl.'s Ex. A at 2–3. The doctor states that plaintiff "has been continuously fear-ful for his life and for that of his family since leaving railroad work after making a formal complaint against the Deery brothers for the threats to kill him...." *Id.* at 3.