DECISION AND JUDGMENT ENTRY
This cause is before the court on appeal from a judgment of the Lucas County Court of Common Pleas granting a judgment notwithstanding the verdict to appellee, Norfolk Southern Railway. Appellant, James B. Jones, Sr., appeals that judgment and asserts the following assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING NORFOLK'S MOTION FOR A JUDGMENT NOTWITH-STANDING THE VERDICT BECAUSE THE JURY'S CONCLUSION WAS NOT OUTSIDE THE POSSIBILITY OF REASON."
Appellant instituted the present action pursuant to the Federal Employers' Liability Act ("FELA"), Section 51 et seq., Title 45, U.S. Code, which allows a railroad employee who is injured during the course of his or her employment to bring suit against his or her employer. Under FELA, the employee must plead and prove that the injury is the result, in whole or in part, of the negligence of any officer, agent or employee of the railroad. Vance v. Consol. Rail Corp. (1995),73 Ohio St.3d 222, 227.
In the case before us, appellant claimed that the railroad negligently failed to (1) provide a reasonably safe working environment; (2) furnish sufficient manpower to perform the assigned task; (3) provide safe and suitable tools to perform the assigned task; and (4) provide reasonably safe methods of work. A jury trial was held on these issues. The jury returned a verdict in favor of appellant, awarding him $1.4 million.
Appellee, however, filed a motion for a judgment notwithstanding the verdict or in the alternative, a motion for a new trial or for remittitur. In granting the motion for a judgment notwithstanding the verdict, the trial court found that appellant failed to offer even a scintilla of evidence showing that appellee breached a duty of care to appellant. The court held that as a consequence of its ruling, the motions for a new trial and remittitur were moot.
Appellant asserts, in his sole assignment of error, that the jury verdict was not outside the possibility of reason because appellant offered, at a minimum, slight evidence that appellee was negligent and that this negligence, in whole or part, caused his back injury.
The standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A). Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998)81 Ohio St.3d 677, 679.
"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determina-tive issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ.R. 50(A)(4).
When considering the motion for a judgment notwithstanding the verdict, a court must "neither consider the weight of the evidence nor the credibility of the witnesses." Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d at 679. The determination of the motion is a question of law "`because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence.'" Id. at 680 (Citations omitted.).
Appellant, who was thirty-nine years of age at the time of trial, began working for appellee in 1990 in "carpentry bridge and building," better known as "BB." In this trade, railroad employees engage in the maintenance and repair of railroad bridges and buildings and in carpentry work. The job requires the use of heavy equipment, such as air hammers and cutting torches, and the handling of large pieces of concrete and other materials, including large wooden forms weighing approximately 140 pounds. The facts offered at the trial of this matter reveal that the BB employees, who work in five man crews, engage in "constant" twisting and bending motions, often while handling the heavy equipment and materials.
Nonetheless, the record of this cause also reveals that BB employees are allowed to work at their own pace, take breaks whenever they choose and, if the crew is short one man, frequently are combined with another crew for the day. Furthermore, co-workers are available to aid in the lifting of the heavier materials. In addition, the record discloses that the workers were required to attend monthly safety meetings (Later in appellant's employment, these were supplanted by daily safety discussions) and receive daily job briefings. In these meetings and briefings, the safety rules are discussed, crew members are informed of the particular tasks to be performed and are told how to safely perform those tasks. Emphasis is placed on the way to lift materials and equipment to avoid injury, the proper posture for performing the task, how to handle the equipment and the like.
It is undisputed that, in December 1997, appellant underwent surgery for the removal of disc material extruding from two herniated discs in his back. The fact that appellant suffered pain both before and after this surgery and was treated for pain by various methods over the next two years is also undisputed. The dispute in this case centers on whether appellee was negligent in this instance and whether that negligence, if any, caused the herniated discs.
"To prevail on a FELA claim, a plaintiff must `prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" Adams v. CSX Transp., Inc. (C.A.6, 1990), 899 F.2d 536,539, quoting Robert v. Consol. Rail Corp. (C.A.1, 1987), 832 F.2d 3, 6. In the Sixth Circuit, the employee must present more than a scintilla of evidence on the elements of his or her claim to create a jury question, "but not much more." Aparico v. Norfolk Western Ry. Co. (C.A. 6, 1996), 84 F.3d 803, 810. However, while FELA is construed liberally in favor of a railroad employee, it is not a workers' compensation statute.Consolidated Rail Corp. v. Gottshall (1994), 512 U.S. 532, 543.
"A railroad has a duty to use reasonable care in furnishing its employees with a safe place to work" see Atchison, Topeka and Santa FeRy. Co. v. Buell (1987), 480 U.S. 557, 558, and to afford such protection against known dangers as can be expected from a person exercising ordinary care under those circumstances, see Aparico v. Norfolk WesternRy. Co. at 810- 811.
In viewing the evidence adduced in the present case in a light most favorable to appellant, we can only conclude that he failed to offer even a scintilla of evidence tending to show that appellee breached any duty to provide a reasonably safe workplace for the BB crew and/or failed to provide protection from known dangers. Even though it is undisputed that the crew maintaining and repairing bridges engages in strenuous, difficult work, this fact, in and of itself, is insufficient to establish a breach of duty. To find it sufficient would be tantamount to imposing strict liability on an employer. See Williams v. Long Island R.R. (C.A. 2, 1999), 196 F.3d 404, 406 (FELA is not a strict liability statute and the fact that an employee is injured is not proof of negligence).
On the other hand, evidence was offered to show that appellee provided the BB crew with safety information and methods of performing their jobs that would help prevent injury from known dangers, e.g., the lifting of heavy objects, the use of equipment such as air hammers. The fact that the crew sometimes worked with only four men while one of their number was on vacation is insufficient, standing alone, to show even the slightest negligence on the part of appellee. That is, appellant failed to offer any evidence that the absence of one worker on some occasions precluded the crew from accomplishing its tasks in the usual and customary way. Blair v. Baltimore Ohio R.R. (1945), 323 U.S. 600, 604-605 (Part of the railroads's duty to ensure a safe work environment is to provide workers with sufficient manpower to accomplish assigned tasks). Furthermore, there is absolutely no evidence in the record of this case tending to demonstrate that tools and equipment used by the BB crew were unsafe or unsuitable for the assigned tasks.
Accordingly, reasonable minds could only conclude that appellee did not breach the duty to furnish appellant with a reasonably safe work environment, and the trial court did not err in granting appellee's motion for a judgment notwithstanding the verdict. Appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, James B. Jones, Sr., is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.