NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted March 3, 2010[*]
Decided March 4, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3488

| | |
|---|---|
| RICHARD HOEFT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-cv-674-bbc |
| | |
| ROBERT HARROP, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Chief Judge.* |

**O R D E R**

Richard Hoeft, a former Wisconsin inmate, brought suit under 42 U.S.C. § 1983 claiming that Robert Harrop, a sergeant at the Flambeau Correctional Center, was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. The district court granted summary judgment for Harrop.  We affirm that decision.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2)(C).

We recite the facts in the light most favorable to Hoeft. While imprisoned at Flambeau in June 2008, Hoeft complained to Dr. Fern Springs, a prison physician, that he was experiencing pain in his hands and forearms that was causing him difficulty performing his job as a gardener. After observing symptoms consistent with carpal tunnel syndrome, Dr. Springs gave Hoeft a steroid injection and placed him on a "no work" restriction for two days. He then was restricted to light duty, which allowed him to work at his own pace and avoid lifting items weighing more than 20 pounds. Dr. Springs later referred Hoeft to a clinic for further evaluation, but the results are not disclosed in the record.

Hoeft was still restricted to light duty in August 2008 when Harrop ordered him to help other inmates unload a delivery truck. Hoeft informed Harrop about his restriction, and after verifying that restriction, Harrop told Hoeft he could still unload the truck, as some of the items weighed under 20 pounds. But Hoeft asserts that Harrop made him unload any item on the truck, including those weighing more than 20 pounds, and told him to hurry. Harrop counters that he told Hoeft to work only within his restriction and at his own pace. Unloading the truck caused Hoeft to experience pain in his hands and forearms, but he did not complain to Harrop or seek medical attention. In the following month Hoeft did seek medical treatment for two other injuries, but neither time did he mention problems with his hands or forearms. Then in November 2008, shortly before his release from prison, Hoeft commenced this § 1983 suit alleging that Harrop forced him to unload the truck despite his light-duty restriction.

The district court concluded that a reasonable jury could find that Harrop knowingly disregarded Hoeft's light-duty restriction, but granted Harrop's motion for summary judgment because Hoeft introduced no evidence that unloading the truck caused him compensable harm. The court explained that claims of deliberate indifference require a showing of extreme deprivation, not mere discomfort, and yet Hoeft had not submitted any evidence about the severity or duration of his subsequent pain. The court also evaluated but rejected Hoeft's contention that unloading the truck "could" have worsened his condition for the future. The court reasoned that Hoeft lacked evidence from an expert to support his belief that ill effects from unloading the truck could become manifest later, and that, regardless, the Eighth Amendment does not protect inmates against exposure to a risk of harm.

In this court Hoeft seizes on the district court's misstatement that the Eighth Amendment does not forbid indifference to a risk of future harm. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). But the court's error cannot benefit Hoeft. When the medical issue concerns an inmate's future health and not a present need, the inmate must establish that

the risk he complains about is one that society deems "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly." *Id*. at 36; *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). Even if an increased risk of carpal tunnel syndrome satisfied that standard, Hoeft still needed evidence that significant complications resulted or are reasonably certain to result from following Harrop's orders. *See Henderson v. Sheahan*, 196 F.3d 839, 852 (7th Cir. 1999).

As Hoeft failed to submit any evidence that unloading the truck caused further injury, the district court properly granted summary judgment. *See Henderson*, 196 F.3d at 852. Hoeft presented no medical testimony about the effect on his condition of lifting items over 20 pounds nor any evidence that his condition had in fact worsened from the unloading, outside of an assertion that his hands "were a lot more painful than before." The court properly found that this vague statement—coupled with Hoeft's failure to mention any pain during subsequent medical appointments—was not enough for a jury to reasonably find for Hoeft. Without medical knowledge, Hoeft was unqualified to opine on the likelihood of future aggravation of his possible carpal tunnel syndrome. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). Expert testimony is required when the causal link between an alleged deprivation and injury is not within the common experience or observation of the average juror, *see Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009); *United States v. Christian*, 342 F.3d 744, 750 (7th Cir. 2003), and the effect of external stressors on carpal tunnel syndrome is not a matter of common experience, *see, e.g., Doty v. Illinois Cent. R.R. Co.*, 162 F.3d 460, 462-63 (7th Cir. 1998) (affirming summary judgment where FELA plaintiff presented insufficient evidence to link his workplace to his carpal tunnel syndrome). Even if we assume that Hoeft had carpal tunnel syndrome in the first place, the average juror would not know whether lifting heavy boxes would worsen the condition or simply cause temporary discomfort. Dr. Springs' affidavit does not discuss the effects of heavy lifting on carpal tunnel syndrome, and Hoeft did not submit an affidavit from any other medical source. Accordingly, any speculation by Hoeft about a potential injury was insufficient to withstand summary judgment. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008).

AFFIRMED.