10-4516-cv
Higgins v. Consolidated Rail Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
          PETER W. HALL,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

John Higgins,

          *Plaintiff-Appellant*,

                    v.                                        10-4516-cv

Consolidated Rail Corp., CSX Transportation, Inc.,

          *Defendants-Appellees*.

_____

FOR APPELLANT:          JOHN HIGGINS, *pro se*, Bearsville, NY.

FOR APPELLEES:          SCOTT A. BARBOUR, McNamee, Lochner, Titus & Williams, P.C., Albany, NY; Burns White, LLC, Pittsburgh, PA.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Homer, *M.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Higgins, proceeding *pro se*, appeals from the district court's judgment granting the Defendants-Appellees' motion for judgment as a matter of law following a jury trial on his negligence action under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51-60. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

FELA makes railroads liable to employees who suffer "injury or death resulting in whole or in part from the negligence of . . . [the] carrier, or by reason of any defect or insufficiency, due to its negligence, in its . . . equipment." 45 U.S.C. § 51. "While there is a considerably more relaxed standard of proof for determining negligence in FELA cases, and a strong federal policy in favor of letting juries decide these cases, FELA does not make an employer strictly liable for workplace injuries and, therefore, requires that claimants must at least offer some evidence that would support a finding of negligence." *Sinclair v. Long Island R.R.*, 985 F.2d 74, 76-77 (2d Cir. 1993) (internal quotation marks, citations, and brackets omitted). Plaintiffs in FELA cases are "'required to prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Id*. at 77 (quoting *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)). "An employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island R.R.*, 878 F.2d 80, 84-85 (2d Cir. 1989). "[T]he essential element of reasonable foreseeability in FELA actions requires proof of actual or constructive notice to the employer of the defective condition that caused the injury."

2

*Sinclair*, 985 F.2d at 77 (internal citations omitted).

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides that:

[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party, and

(B) grant a motion for judgment as a matter of law against the party . . . .

Fed. R. Civ. P. 50(a)(1). In ruling on a Rule 50(a) motion for judgment as a matter of law, the district court should "review all of the evidence in the record," and, in doing so, "must draw all reasonable inferences in favor of the nonmoving party, and . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). We review *de novo* a district court's ruling on a motion for judgment as a matter of law, applying the same standard as the district court. *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004).

Here, the assigned magistrate judge properly granted the defendants' motion for judgment as a matter of law on the grounds that there was not a sufficient evidentiary basis to find that the defendants had breached their duty to provide Higgins with a reasonably safe place to work or that the defendants could have reasonably foreseen Higgins's injury. With respect to evidence of breach of duty, there was no competent evidence that Higgins's work environment or the duties that he was required to perform as an engineer were unsafe. Even Higgins's own testimony did not clearly support a finding that the defendants had exposed him to unsafe work conditions in requiring him to perform various repetitive movements with his left hand and arm. Higgins's treating physician testified on cross-examination, moreover, that the extent to which

repetitious movement will cause harm to the hand or arm is unique to each individual and that there is no basis for concluding that a certain number of movements over a certain period of time is unsafe. With respect to evidence of foreseeability of injury, Higgins testified only that, after he began to experience pain in his arm in October 2004, he complained about that pain to a fellow engineer and conductor. This testimony cannot support a finding of foreseeability. Higgins had already been injured when he complained to his colleagues; he did not complain that his injuries had been caused by particular work conditions or duties; and it was not clear whether his colleagues were in a supervisory position.

We have considered Higgins's arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4